**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

ROBERT BOYD,

              Petitioner,      :         Case No. 1:25-cv-00455

      - vs -                          District Judge Jeffery P. Hopkins
                                         Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                    :
             Respondent.

---

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY, QUASHING PROPOUNDED INTERROGATORIES, AND DENYING DEPOSITIONS ON WRITTEN QUESTIONS

---

**Motion for Discovery**

Petitioner Robert Boyd brought this action *pro se* under 28 U.S.C. § 2254 to obtain relief

from his conviction in the Mahoning County Court of Common Pleas on a number of sex-related

offenses (Petition, ECF No. 1, PageID 2).  The Petition was filed June 13, 2025, the date it was

placed in the prison mailing system. *Id.* at PageID 16.  The day after the Petition was docketed in

this Court on July 2, 2025, the Court completed its initial review under Habeas Rule 4 and ordered

the State to respond (Order for Answer, ECF No. 5).  Its time to do so has been extended to October

31, 2025 (Notation Order, ECF No. 10).  Although Petitioner has objected to any further extensions

(ECF No. 11), the time already allowed has not expired.  When it files its Answer, the State is

1

obliged to set forth any affirmative defenses, including any claims of procedural default.

As Petitioner has recognized, a habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; Rule 6(a), Rules Governing § 2255 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). As Petitioner has also recognized, the Court's discretion must be guided by the limits on evidence to be considered in habeas cases imposed by *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

After listing seventeen broad categories of sought discovery, Petitioner concludes "[t]he discovery in each of these instances may proceed, without effect of *Pinholster*, because the State of Ohio failed to consider the merits in all of them or the facts it did consider were incomplete." (Motion, ECF No. 13, PageID 171). That there may exist admissible evidence of facts relevant to this case is not good grounds for granting discovery of the scope petitioner seeks. There is no constitutional right to have state courts decide criminal cases on the basis of all relevant evidence. Nor does habeas corpus present an opportunity to retry the case on the basis of later-discovered evidence. The question always is whether the State presented sufficient evidence of every material element such that a reasonable juror could reasonably conclude, beyond a reasonable doubt, that a defendant was guilty of every crime on which he or she was convicted. *Jackson v. Virginia*, 443 U.S. 307 (1979).

Aside from the issue of sufficiency of the evidence, there may be other issues on which

2

*Pinholster* does not preclude discovery.  For example, facts supporting or opposing a claimed procedural default may or may not be barred from discovery.  Because this case is still in the pleading stage, the Court does not know what, if any procedural defaults the Respondent may plead.  In that sense the Motion for Discovery is premature.

Accordingly, Plaintiff's Motion for Discovery is DENIED without prejudice to its renewal at the time Petitioner files his reply.[1]

**Request for Written Depositions**

Contemporaneously with his Motion for Discovery,  Petitioner has filed a Request for the Depositions on Written Questions of the following persons:  Ray Boggs, Jr.; Ryan Skeens; Gabbie Maytas; Patrick Howie; Cameron Moffo; Kiel Jones; Royce Craft; Josh Hensley; Danny Sabelli; Ethan Smith; Emanuel Boyd; and Isyss Boyd.  Depositions on written questions are a method of discovery authorized by Fed.R.Civ.P. 31 and hence potentially available in habeas corpus. However, use of this method is subject to the general limitations on discovery in habeas and the limitations in Rule 31 itself, e.g., the presumptive limit of ten on all depositions.  There are also functional limits on their form of discovery.  For example, questions that call for a lengthy discursive answer (e.g. How did you know Cameron Moffo?) are unlikely to be useful.[2]

Accordingly, the Request for Written Depositions (ECF No. 14) is DENIED on the same basis as the Motion for Discovery, *supra*, and because as formulated these questions are unlikely

---

[1] The Order for Answer sets the reply deadline at twenty-one days after Respondent files the Return of Writ (Order for Answer, ECF No. 5, PageID 145.  Petitioner's deadline to file a renewed motion for discovery is set for the same date.

[2] In more than fifty years of active legal practice, including seven years litigating complex civil case in private practice, the undersigned has never seen depositions on written questions used successfully to obtain useful information.  The practice has been authorized by the Civil Rules since their adoption in 1937, but that may mistakenly encourage the novice litigator about their utility.

to obtain useful admissible information in the most efficient way.  Petitioner is free to renew his Request at the time he renews his request for discovery generally, but he should formulate his questions such that they elicit short definitive answers.

**Propounded Interrogatories**

Petitioner has, without court authorization, propounded a set of interrogatories to the Respondent asking Respondent to obtain information from two attorneys who apparently were involved in litigating this case.  The Interrogatories are QUASHED because they purport to require Respondent to obtain information from these two attorneys which is not a proper method of discovery.  In addition the Court has not yet authorized discovery in any form.  See discussion *supra.*

October 20, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge