# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT BOYD,

                     Petitioner,       :             Case No. 1:25-cv-00455

      - vs -                             District Judge Jeffery P. Hopkins
                                        Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
   Institution,

                                    :
               Respondent.

---

## DECISION AND ORDER

---

This habeas corpus case, brought *pro se* by petitioner Robert Boyd pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Extension of Time (ECF No. 25) and Requests for the Production of Documents (ECF No. 26).

The Requests for the Production of Documents are directed to Warden Hildebrand and purport to be made under the Federal Rules of Civil Procedure.  However, discovery in habeas corpus cases is not governed by those Rules, but by the Rules Governing § 2254 Proceedings (the "Habeas Rules").

A habeas petitioner or § 2255 movant is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules Governing § 2254 Cases; Rule 6(a), Rules Governing § 2255 Cases; *Bracy v. Gramley*,

1

520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Boyd's Requests presume Warden Hildebrand has the requested documents in her possession, but that is highly unlikely; Ohio wardens do not become custodians of relevant evidentiary material in the cases of prisoners they hold.

Moreover, Boyd has not demonstrated that these documents would be material to deciding this case. Habeas corpus courts are limited to the record that was before the last state court to consider a case. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese,* 974 F.3d 638, 647 (6th Cir. 2020).

Accordingly, Petitioner's Requests for the Production of Documents are DENIED.

Petitioner also moves for an extension of time to file his reply/traverse.  That pleading was due to be filed by November 24, 2025, and the Court previously gave Petitioner notice of that due date (ECF No. 22).  Petitioner's time to file a reply is hereby extended to and including December 15, 2025.

November 25, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

3