IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ROBERT BOYD,

       Petitioner,  :       Case No. 1:25-cv-00455

  - vs -       District Judge Jeffery P. Hopkins
                 Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                 :
       Respondent.

## DECISION AND ORDER ON MOTIONS FOR DISCOVERY

This habeas corpus case, brought *pro se* by Petitioner Robert Boyd under 28 U.S.C. § 2254, is before the Court on two motions by Petitioner for discovery: Motion for Leave to Conduct Discovery (ECF No. 31), and Motion for Written Depositions (ECF No. 30)

Petitioner seeks to have written questions posed to Ray Boggs, Jr.; Ryan Skeens; Gabbie Maytas; Patrick Howie; Kiel Jones; Royce Craft; Danny Sabelli; Josh Hensley; Ethan Smith; and Isyss Boyd. He also seeks very substantial discovery of additional materials related to the case. Petitioner recognizes the applicability of *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese,* 974 F.3d 638, 647 (6th Cir. 2020). However, he argues

> However, there are circumstances under which a Federal Habeas
> courts consideration of new evidence does not contravene

1

> *Pinholster*. These include "if the Court determines from the existing record that the state courts' decision was unreasonable under §2254(d); if a claim was not adjudicated on the merits but is otherwise properly before the Court for habeas review; or if the Court is considering whether to excuse a procedural default.

(ECF No. 31, PageID 2709). In support of the proposition that *Pinholster* does not preclude discovery here, Petitioner cites *Caudill v. Collier,* 871 F. Supp. 2d 639 (E.D. Ky. 2012), but the Magistrate Judge writing that opinion did not actually grant discovery. While this Court agrees that there are situations in which *Pinholster* would not preclude new evidence – e.g. in support of a gateway claim of actual innocence, Petitioner has not shown and of the conditions mentioned exists in this case. The undersigned has filed a Report and Recommendations (ECF No. 29) recommending that the Petition be dismissed with prejudice and without finding any of the circumstances in which *Pinholster* might not apply.

Accordingly, Petitioner's Motion for Discovery and Motion for Written Depositions are DENIED.

December 9, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
