# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT BOYD,

                    Petitioner,      :            Case No. 1:25-cv-00455

    - vs -                            District Judge Jeffery P. Hopkins
                                          Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                  :
              Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Robert Boyd, is before the Court on Petitioner's Objections ("Objections," ECF No. 39) to the pending Report and Recommendations which recommends dismissal ("Report," ECF No. 29). District Judge Hopkins has recommitted the case for a supplemental report considering the Objections (ECF No. 40).

Petitioner has structured his Objections as a re-argument of all the claims that he has made at various stages in the case to show he is not guilty of the crimes of which he has been convicted. That is not the purpose of a set of objections to a dispositive Report. Rather, Fed.R.Civ.P. 72(b) requires an objecting litigant make specific objections to the Magistrate Judge's Report:

> Under the *Walters* rule [*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)], only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall*

1

> *v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir.
> 2011) (internal quotation marks and citation omitted).

*Henson v. Warden,* 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d

390, 401 (6th Cir. 1991).  This Supplemental Report will respond to each of the Objections made

by Petitioner and point out where they appear to be directed to rulings by other courts before the

case reached this Court.

Boyd begins his Objections with eight pages he labels "The Facts Given [sic] Rise To This

Case Are As Follows" (PageID 2745-51).  This statement of facts contains no references

whatsoever to the recorded evidence in the case, despite the facts that Boyd has been served with

copies of the transcripts and the Order for Answer in the case requires record references (ECF No.

5, PageID 144).  The Order for Answer emphasizes the importance of citing to the record.

Particularly in deciding whether the state court's decision in the case is based on an objectively

unreasonable determination of the facts, the Court needs record references to the evidence on

which Petitioner relies.  He has provided none.  In the Report the Magistrate Judge called

Petitioner's attention to this failure (ECF No. 29, PageID 2680, fn 2), but he has failed to correct

it in his Objections.

The charges on which Petitioner was convicted were recited by the Ohio Seventh District

Court of Appeals in its decision affirming the convictions:

> [*P2] Appellant was indicted on two counts of rape for purposefully
> compelling two victims to submit to sexual conduct by force or
> threat of force. See R.C. 2907.02(A)(2),(B) (first-degree felonies).
> Count one related to anal sex with victim A, who was 17 years old
> at the time of the March 31, 2017 incident. Count two related to anal
> sex with victim B, who was 14 years old at the time of an April 17,
> 2016 incident. As to victim B, Appellant was also charged with
> gross sexual imposition for touching this boy's penis by force or
> threat of force. See R.C. 2907.05(A)(1),(C) (fourth-degree felony).

[*P3] Three counts of disseminating matter harmful to juveniles were brought based on Appellant's texting of photographs of his penis to victim C, who was 16 years old at the time of the March 2017 communications. See R.C. 2907.31(A)(1),(F) (first-degree misdemeanors). Appellant was also charged with nine counts of illegal use of a minor in nudity-oriented material for possessing or viewing certain photographs found on a hard drive during the execution of search warrants at his residence. See R.C. 2907.323(A)(3),(B) (fifth-degree felonies).

*State v. Boyd*, 2022-Ohio-3523 (2022). A jury convicted Boyd on all but one of the disseminating counts and he was sentenced to 24.5 years imprisonment. *Id.* at ¶ 5.

# Analysis

**Objection One: Procedural Default**

Boyd begins his Objections with a discussion of procedural default (ECF No. 39, PageID 2753-54). Respondent pleaded procedural default as follows:

> The Warden argues that Boyd's grounds for relief are defaulted as follows: Ground 1- partially defaulted as to counts 2 and 3, Ground 2 -partially defaulted as to a challenge to social media search warrants other than Instagram, Ground 4- entirely defaulted, Ground 5- entirely defaulted, Ground 6- entirely defaulted, Ground 7 – partially defaulted, Ground 8-entirely defaulted, Ground 9-entirely defaulted.

(Return of Writ, ECF No. 21, PageID 2535).

The Magistrate Judge found it unnecessary to adjudicate the procedural default defense as to Grounds Two and Three because merits consideration of those claims is barred by *Stone v. Powell*, 428 U.S. 465 (1976)(Report, ECF No. 29, PageID 2679-80).

Petitioner did not offer excusing cause and prejudice to overcome his procedural defaults,

but turned instead to his claim of actual innocence. The Report held that an actual innocence claim requires presenting new reliable evidence of the sort described in *Schlup v. Delo*, 513 U.S. 298, 319 (1995), and noted that Boyd had presented no new evidence at all. (ECF No. 29, PageID 2681).

Boyd asserts that procedural default doctrine is a matter of comity and not jurisdictional so that federal courts retain the power to decide procedurally defaulted claims (Objections, ECF No. 39, PageID 2753, citing *Reed v. Ross*, 468 U.S. 1 (1984)). Nevertheless, that power must be exercised within the doctrinal structure created by Supreme Court precedent. That is to say, when Supreme Court and Sixth Circuit precedent dictate a finding of procedural default in a given case, the lower courts must follow that precedent. In *Reed* itself the Court held:

> Where, as in this case, a defendant has failed to abide by a State's procedural rule requiring the exercise of legal expertise and judgment, the competing concerns implicated by the exercise of the federal court's habeas corpus power have come to be embodied in the "cause and prejudice" requirement: When a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of "cause and actual prejudice." Engle v. Isaac, supra, 456 U.S., at 129, 102 S.Ct., at 1572; Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). See id., at 91–94, 97 S.Ct., at 2508–2510 (BURGER, C.J., concurring); id., at 94–95, 97 S.Ct., at 2510–2511 (STEVENS, J., concurring). (Cf. id., at 98–99, 97 S.Ct., at 2512–2513 (WHITE, J. concurring in judgment).

468 U.S. at 11.

Since *Reed*, of course, the Court has added proof of actual innocence as a means of avoiding procedural default. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In his Reply, Boyd relied upon a claim of actual innocence, but provided no new evidence. In his Objections, he turns to "cause and prejudice" doctrine, claiming it was factors external to him which prevented him from complying with Ohio procedural rules. He discusses the post-trial delays in obtaining access to the discovery the State provided pre-trial (Objections, ECF No. 39, PageID 2753). However, once

4

again, he provides no record references or other evidentiary support for his claims.  Cause and prejudice must be proved, not just asserted.

Boyd's actual innocence argument is made repeatedly in his Objections, but the way in which it is argued shows Boyd does not understand the doctrine as the Supreme Court has announced it.  Merely **claiming** that one is actually innocent has no impact on habeas corpus proceedings.  Nor is a claim of actual innocence supported by new evidence sufficient to overturn a conviction.  Proof (not just a claim) of actual innocence enables a habeas petitioner to overcome procedural defaults, including the statute of limitations, but it does not entitled a petitioner to have his conviction overturned.  Most of the arguments for his innocence which Boyd makes in his Objections would be perfectly proper if made to the jury and in that context could lead to acquittal.  But in habeas corpus the federal court cannot re-weigh the evidence and enter an acquittal.

The Report found Ground Four on prejudicial joinder was defaulted because it was not raised on direct appeal (Report, ECF No. 29, PageID 2694).  The Report also found Boyd's speedy trial claim, made in Ground Five, was procedurally defaulted because not raised on direct appeal.  *Id.* at PageID 2695.  Ground Six claiming prosecutorial misconduct was also procedurally defaulted in the same way. *Id.* at PageID 2696.  Finally, the Magistrate Judge found Ground Nine challenging the jurisdiction of the judge who issued a relevant search warrant was procedurally defaulted by not being raised on direct appeal.  *Id.* at PageID 2698.  The Objections offer no excusing cause and prejudice for any of these defaults.  Instead, Petitioner "asks that procedural defaults be overlooked because external factors, impeded his effort to comply with the state procedural rule, or at the very least, the arguments be considered on its merits and a hearing be held."  (Objections, ECF No. 39, PageID 2754).  Binding precedent does not allow us to "overlook" procedural defaults which the State has proved and on which it relies.  At the trial court

5

level, precedent is not an invitation, it is a command. See *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

**Objection Two: Failure to Appoint Counsel**

Petitioner's second objection is that the Magistrate Judge failed to appoint counsel (ECF No. 39, PageID 2754).

The objection is untimely. The undersigned denied Boyd's first Motion to appoint counsel on July 3, 2025 (ECF No. 4). Under Fed.R.Civ.P. 72, a litigant's time to object to Magistrate Judge orders on non-dispositive matters is fourteen days from the date the order is entered, extended to seventeen days if the order is served by mail. Thus Boyd's objection as to appointment of counsel was due July 20, 2025, but not filed until January 16, 2026.

The objection is also without merit. As grounds for denying the appointment, the undersigned noted the failure to Congress to appropriate sufficient funds to allow appointment of counsel in all the cases for which appointment is authorized by the Criminal Justice Act, 18 U.S.C. §3006A. Boyd does not dispute that finding, but relies on Ninth Circuit precedent, *Rand v. Rowland*, 113 F. 3d 1520 (9th Cir. 1997). *Rand* does not contain the list of factors for appointment on which Boyd relies and in fact affirmed a denial of appointment of counsel by the trial court. The Supreme Court has held we may not command counsel to serve without a fee. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989).

6

**Objection Three: Denial of Request for Discovery**

Boyd objects that the undersigned denied his request for discovery (ECF No. 39, PageID 2754-55). Boyd lists fourteen categories of documents as to which the undersigned denied discovery. However, he makes no argument as to why the denial was an abuse of discretion, merely stating that he needs the documents to prove his case.

**Objection Four: "Petitioner claims actual innocence on counts 7-15 because his conviction violates the Ohio Supreme Court ruling in *State v Young* 1988."**

The referenced decision is *State v. Young,* 37 Ohio St. 2d 239 (1988). Petitioner's claim seems to be that if this Court examines the photographs relied on by the State to support his convictions on Counts 7-15, it will agree with him that possession of those photographs did not violate Ohio law as interpreted in *Young*. The difficulty with this argument is that it invites this Court to substitute its own reading of Ohio law for that of the Seventh District Court of Appeals. That we may not do. We are bound by the Ohio courts' interpretation and application of Ohio law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")*, Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

**Objection Five: "Petitioner claims actual innocence on counts 7-15 because his conviction violates the US Supreme Court in *Osborne v Ohio* 1990."**

In *Osborne v. Ohio*, 495 U.S. 103 (1990), the Supreme Court upheld an Ohio statute which forbade possession of photographs of nude minors (in that case a male adolescent) "involving a lewd exhibition or graphic focus on the minor's genitals." The Seventh District was aware of *Osborne* and applied its limitations in evaluating the evidence in this case. *State v. Boyd, supra,* at ¶ 69. The parties agreed on appeal that the jury had been properly instructed on the limits required by *Osborne*. Thus instructed, the jury convicted and the Seventh District affirmed. The Constitution provides no basis for this Court to overturn the finding of a properly instructed jury on questions of fact, to wit, do these photographs come within the *Osborne* limitations?

**Objection Six: "The jury was not informed the proper elements to convict on counts 7-15, contrary to the US Supreme Court in *Osborne v Ohio.*"**

The Seventh District found "The parties agree the trial court's jury instruction properly limited the statute's operation in the manner described by *Young* and *Osborne*." *State v. Boyd, supra*, at ¶ 69. Any claim the instruction was improper is precluded by counsel's agreement to the contrary.

**Objection No. 7: Petitioners claim of actual innocence on counts 5 & 6 because a conviction violates the Ohio Supreme Court's ruling in American Booksellers Foundation v Cordray.**

Boyd was convicted of sending photographs of his penis to C.J. who at the time was sixteen years old. In considering Boyd's appeal as to these two counts of conviction, the Seventh District wrote:

8

{¶61} Next, Appellant contends there was insufficient evidence to support counts five and six, the misdemeanor counts of disseminating matter harmful to juveniles. (Appellant was acquitted of the count four disseminating charge.) The pertinent statutory division states: "No person with knowledge of its character or content, shall recklessly do any of the following: (1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile * * * any material or performance that is obscene or harmful to juveniles * * *." R.C. 2907.31(A)(1),(F) (first-degree misdemeanor if the material is harmful; felony if the material is obscene). The state agrees the mental state of recklessness also applies to the recipient's status as a juvenile.

{¶62} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." *Id.* This "likely" mental state for recklessness merely involves "good reason for expectation or belief" (and is easier to show than the higher "probably" mental state). *State v. Young*, 8th Dist. Cuyahoga No. 85224, 2005-Ohio-3584, 2005 WL 1653586, ¶ 17, citing Staff Note to R.C. 2901.22(C).

{¶63} The indictment alleged these counts occurred on or about March 14, 2017. The investigating officer testified that after seizing Appellant's cell phone while executing the search warrant at the residence in May 2017, he discovered Appellant texted photographs of his penis to a juvenile. (Tr. 590). The officer testified these photographs were sent in March of 2017 (and said he could look at the printout of the text history to check the day of the month). (Tr. 556-557). When the police confronted Appellant about the texted photographs, Appellant voiced his mistaken belief it was legal because the minor was 16 (apparently assuming the law on sexual conduct applied to disseminating). (Tr. 573).

{¶64} Victim C testified he was 16 years old when he responded to Appellant's Craigslist advertisement, which was captioned to suggest Appellant was looking for a homosexual encounter. They originally used both email and texts, exchanging photographs of their genitals and making plans to meet. (Tr. 389-393, 399-402, 408). While testifying, the juvenile recipient reviewed the recovered March 2017 texts sent to him by Appellant and identified two photographs of Appellant's penis and two photographs of Appellant's shirtless torso. (Tr. 394, 400-402); (St.Ex. 15-18).

9

{¶65} While viewing the printout of recovered texts, victim C also testified he told Appellant he was only 16 in a March 29, 2017 text. (Tr. 412). Appellant responded to the age disclosure by texting: "High school, then"; "16 is legal in Ohio"; and "I don't mind the age." (Tr. 404). They met for their second sexual encounter after the text about being 16. (Tr. 409). The juvenile recipient believed they exchanged photographs again after this disclosure, but he also seemed to indicate the state's packet of evidence contained all the photographs he received from Appellant (and the recovered photographs were sent before the disclosure). (Tr. 411, 413).

{¶66} Appellant's sufficiency argument revolves around his contention there was no evidence he was reckless as to the recipient's age of 16 because the recipient testified he initially told Appellant he was 19 years old. (Tr. 391). As the state points out, the victim told Appellant he did not have a driver's license, he was in school, and he lived with his family. (Tr. 396). Notably, Appellant previously spent time with the victim in person when they met for a sexual encounter in late 2016. (Tr. 392). The jury saw a photograph the juvenile sent to Appellant depicting what the juvenile looked like in March 2017, when Appellant sent the juvenile photographs of his penis. (St.Ex. 14); (Tr. 396-399).

{¶67} Circumstantial evidence and direct evidence inherently possess the same probative value, and intent is typically established by circumstantial evidence and inferences as a person's intent rests in their mind. *State v. Treesh*, 90 Ohio St.3d 460, 485, 739 N.E.2d 749 (2001). Even if Appellant only sent photographs of his penis before the victim specifically disclosed his true age, a rational juror could find Appellant was reckless in believing the victim was 18 or older when he sent the photographs representing the two counts at issue.

*State v. Boyd, supra.*

Boyd asserts his conviction on these two counts violates *American Booksellers Foundation for Free Expression v. Cordray*, 124 Ohio St.3d 329 (2010). That opinion was issued by the Ohio Supreme Court to answer two questions of Ohio law certified to it by the Sixth Circuit[1] on an appeal from this Court's permanent injunction of the enforcement of amendments to Ohio law

---

[1] Many States have statutes which allow federal courts to certify questions of state law to the state's highest court when those questions arise in federal litigation. In Ohio certification can occur under a rule paralleling those statutes and suggested to the Ohio Supreme Court by District Judge Walter H. Rice of this Court.

which prohibited dissemination over the internet of material harmful to juveniles. The Ohio Supreme Court interpreted the amendments to be limited to electronic communications that can be personally directed, and that a person who posts matter harmful to juveniles on generally accessible websites and in public chat rooms does not violate the amendments.

Boyd has not argued any way in which his convictions offend those two principles enunciated in *Booksellers*. Boyd does not deny that he personally directed the photographs in question to C.J.; his whole argument is that he was not reckless about C.J.'s age. The jury heard evidence about the conversations between Boyd and C.J. on the subject and were correctly instructed that they could convict only if they found Boyd reckless in regard to that question. *Booksellers* does indeed interpret the statute involved in this case, but does not provide an interpretation contrary to that applied by the Seventh District.

Nor did Boyd argue to the Sevent District that his conviction violated *Booksellers*: his Brief on appeal did not cite the case (State Court Record, ECF No. 20, Ex. 61, PageID 448).

Boyd's Seventh Objection is therefore without merit.

**Objection No. 8: Petitioners claim of actual innocence on count 1.**

In Count One of the Indictment, Boyd was charged with forcible rape of D.J.B. (Indictment, State Court Record, ECF No. 20, Ex. 1). The trial jury convicted him on that count. *Id.* at Ex. 48. In his Second Assignment of Error on direct appeal, Boyd claimed his conviction on Count 1 was not supported by sufficient evidence, but the Seventh District affirmed. The Report concluded the Seventh District's decision was entitled to deference under AEDPA.

Boyd's Eighth Objection essentially proceeds as if this prior history had not happened. He

says that "the contested elements need to be examined in light of the new evidence presented which the jury never hears." (Objections, ECF No. 39, PageID 2761). But Boyd has presented no new evidence of actual innocence. He cites to PageID 605-07, but those pages display his appeal to the Ohio Supreme Court. He also claims he "also submitted medical records which showed that he broke both of his wrists years ago and has medical pins inserted into his left one, making it impossible for him to even bend his wrist or support any weight on it, disputing the states position that petitioner could actually use force." (Objections, ECF No. 39, PageID 2761). Again, he gives no record reference. Assuming these records were submitted at trial and/or Boyd testified he was too weak to force D.B., the jury's weighing of the credibility of that evidence is conclusive.

Boyd concludes this objection by stating

> Merz failed to review the social media messages, Boyds medical records, DBs medical records, the bipolar experts statement, as well as the testimony where DB testified that he doesn't recall what took place, and a hearing should be held so we can determine whether it's possible Boyd was wrongly convicted.

(Objections, ECF No. 39, PageID 2762). This argument implies a misunderstanding of habeas corpus process. In particular, federal courts do not re-weigh the evidence the state courts heard. We do not have authority to vacate a conviction because we weigh the evidence differently from what the jury did.

**Objection No. 9: Petitioners claim of actual innocence on count 2 & 3.**

This objection has the same structure **as** Objection 8: if this Court would properly weigh the evidence, Petitioner would be found not guilty on Counts 2 and 3. For the same reasons given as to Objection 8, this Objection should be overruled.

**Objection No. 10: Suppression for petitioners' social media accounts, can be raised on a Federal Habeas Corpus Motion.**

In Grounds for Relief Two and Three, Petitioner asserts he was convicted on the basis of evidence obtained in violation of his rights under the Fourth Amendment. The Report recommended denying these claims on the basis of *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner objects

> The presentation of a claim is frustrated by a failure in the state procedural mechanism if there has been "no meaningful inquiry by the state courts "into the Fourth Amendment claim, either because the state courts did not carefully and thoroughly address the factual basis of the petitioner claim, or because the state courts did not apply the proper constitutional case law to the facts as developed. See *Pierson v O'Leary* 959 F.2d 1385, 1391 (7th Cir) 121 L.Ed 2d 115, 113 S.Ct 168 (1992) *Townsend v Sain,* 372 U.S. 293 313, 9 L.Ed 2d 770, 83 S.Ct 745 (1963). See also *US Ex Rel. Bostick v. Peters*, 3 F.3d 1023 8/19/93.

(Objections, ECF No. 39, PageID 2764). He asserts the Magistrate Judge

> failed to determine if Petitioners presentation of a claim was frustrated because of a failure of the state mechanism. In this case, Boyds alleges that he did not receive a full and fair opportunity to litigate his Fourth Amendment claim for the following reasons.
>
> A) The state prosecutors withheld roughly 24,800 pages of the 25,000 pages seized from Boyds Instagram, prior to a suppression motion being filed and held. It wasn't until 9/28/2020, at the last pretrial, when the Prosecutor provided to the defense a USB drive which revealed the extent of the search conducted on Petitioners Instagram account and revealed searches also took place on Facebook, Snapchat, and Kik (See B). An attorney cannot properly argue a Fourth Amendment violation if they do not know the full extent of the search conducted.
>
> B) The State has never turned over the search warrants on Petitioners Facebook, Snapchat, or KIK accounts, and again, never revealed searches took place until 9/28/2020. The Instagram search warrant was turned over, (ROW 20 Page 75 through 100), but where are the search warrants on Facebook,

> Snapchat, or KIK which were executed? The Attorney General was required to turn over petitioners file to this court, but still has not turned over these search warrants.
>
> C) The appellate court never addresses the probable cause for the searches on Petitioners Facebook, Snapchat, or KIK accounts, or the searches conducted on Petitioners cell phones reading Petitioners text messages without a warrant.
>
> An attorney cannot argue a Fourth Amendment violation on searches if search warrants are never turned over to the defense and when the state withheld 99% of the extent of the search conducted, they frustrated a suppression motion.
>
> Merz failed to analyze what impact these actions had on a suppression motion.

(Objections, ECF No. 39, PageID 2764-65).

Boyd's trial attorney filed a motion to suppress on August 28, 2019 (State Court Record, ECF No. 20, Ex. 28). In it he sought the suppression of "all evidence obtained from the search of his Instagram account, and from the search of his residences on or about May 12, 2017." *Id.* at PageID 276.

The Fourth Amendment prohibits the introduction at trial of evidence seized by the State in violation of the rights protected by that Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961). To enforce that right, the Ohio Rules of Criminal Procedure require the State to disclose any evidence it intends to introduce at trial and then provide the suppression mechanism to test Fourth Amendment compliance. There is no indication the State attempted to introduce any evidence it obtained from or about Boyd other than that described in the motion to suppress.

In addition, the Fourteenth Amendment requires that the State disclose to a defendant any material evidence which is exculpatory or mitigating. *Brady v. Maryland*, 373 U.S. 83 (1963). Although the Ohio Rules of Criminal Procedure provide for discovery, the State's obligation under *Brady* is independent of any demand for discovery. Boyd makes no claim under *Brady* in his

Petition, nor did he do so on direct appeal. The fact that the State has not produced the search warrants simply does not state a claim for relief. The motion to suppress mechanism is not designed to allow litigation of any Fourth Amendment claims that might be presented by a case, but only claims to enforce the exclusionary rule adopted in *Mapp*. Boyd has not identified any *Mapp* issues which could not have been adjudicated in the motion to suppress proceedings.

Boyd has not shown any failure of the suppression process and his Tenth Objection should therefore be overruled.

**Objection No. 12[2]: A Franks hearing should have been held**

"In this case, Boyds [sic] alleges that a *Franks* hearing should have been held because the police purposely used the word "juvenile" to justify a much wider search than where probable cause existed." (Objections, ECF No. 39, PageID 2765).

Boyd's Petition makes no claim that a hearing should have been held under *Franks v. Delaware*, 438 U.S. 154 (1978).

**Objection No. 13: Suppression for petitioners' homes can be raised on a Federal Habeas Corpus Motion.**

**Objection No. 14: Suppression argument for petitioners' text messages can be raised on a Federal Habeas Corpus Motion.**

These two Objections should be overruled on the basis of the *Stone v. Powell* analysis already given.

---

[2] There is no Objection 11.

**Objection No. 15: Petitioner was denied a fair trial due to failure to sever.**

On January 11, 2019, Petitioner moved to sever the indictment into three separate trials on Count One, Count Two, and Counts Three through Fourteen (Motion, State Court Record ECF No. 20, Ex. 21). The trial court summarily denied the motion. *Id.* at Ex. 23. Boyd did not plead failure to sever as an assignment of error on appeal. *Id.* at Ex. 61, PageID 447. Eventually, in his 26(B) Application, he accused his appellate attorney of providing ineffective assistance by not including this as an assignment of error. The Seventh District held it was not ineffective assistance of appellate counsel to fail to raise this issue because the evidence on the separate counts was simple and direct. Because Boyd had not proven ineffective assistance of appellate counsel as excusing cause and prejudice, the Report recommends dismissing Ground Four of the Petition as procedurally defaulted (Report, ECF No. 29, PageID 2694).

Petitioner's Objection goes directly to the merits of the joinder issue (Objections, ECF No. 39, PageID 2768-70). But two layers of analysis are required. Petitioner must first show error in the failure to sever and then that that error was so egregious – a "dead-bang winner" – that failure to raise it was ineffective assistance of appellate counsel. Boyd does not discuss this second issue, but it is well recognized that appellate attorneys must choose among many possible issues to raise. This issue was not a dead-bang winner: indeed, the Seventh District held it was a loser. Because it was not ineffective assistance of appellate counsel to fail to raise this claim, it is procedurally defaulted and should therefore be dismissed on that basis.

**Objection No. 16: Petitioner was denied a statutory speedy trial on misdemeanor counts 4, 5 & 6 which can be raised on a Federal Habeas Corpus Motion.**

In his Fifth Ground for Relief, Petitioner asserted he was denied his constitutional right to a speedy trial. The Report noted that the Ohio speedy trial statute sets a limit of 115 days for trial of misdemeanor charges. Ohio Revised Code § 2945.71.

The Report notes that this issue was never raised on direct appeal, but Petitioner later claimed it was ineffective assistance of trial counsel not to raise it in the trial court and ineffective assistance of appellate counsel not to include it as an assignment of error.

The Report summarily deferred to the Seventh District's decision rejecting the claim (ECF No. 29, PageID 2695). Boyd objects:

> Magistrate Merz relied upon the Appellate courts calculations, but the ruling was contrary to law because they failed to address the calculation errors made by the Prosecutor, such as restarting the calculations upon a demand for trial, a pro-se motion to dismiss for a speedy trial violation, when the state files a superseding indictment, or when the petitioner revokes his speedy trial time waiver, as mandated by St v. Michailides, 2018-Ohio-239906/21/2018.

> Boyd produced documents filed by the State prosecutor which showed by clear and convincing evidence that his misdemeanor counts 4-6, should have been dismissed because their own calculations show a statutory violation occurred.

(Objections, ECF No. 39, PageID 2771).

The Report is too summary on this issue. Boyd's speedy trial claim is based on the Ohio speedy trial statute, Ohio Revised Code § 2945.71. While that statute imposes the penalty of dismissal for violation, it is not the same as the constitutional (Sixth Amendment) speedy trial requirement. If the Ohio courts erred in calculating the speedy trial deadline under § 2945.71, that would not entitle Boyd to relief because federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v.*

*Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). A State does not violate the Due Process Clause by failing to provide all the process commanded by state statutes. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). Put another way, this Court cannot consider whether the State complied with Ohio Revised Code § 2945.71 because that is a stated law question on which we are bound by the state court determination. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

Boyd never fairly presented his federal constitutional speedy trial claim to the Ohio courts and he thereby procedurally defaulted on that claim.

**Objection No. 17: Petitioner was denied a statutory speedy trial on felony counts 1-3 and 7-15 which can be raised on a Federal Habeas Corpus Motion.**

Objection 17 should be overruled on the same basis as Objection 16.

**Objection No. 18: Petitioner was denied a constitutional speedy trial which can be raised on a Federal Habeas Corpus Motion.**

The Sixth Amendment does provide a constitutional right to a speedy trial and whether or not the State has violated that right is analyzed under *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). However, Boyd did not present this claim on direct appeal and therefore procedurally defaulted it; the Report recommends dismissal on that basis (ECF No. 29, PageID 2695).

Boyd is correct that this is a claim, unlike denial of statutory speedy trial rights, which can be raised in habeas, but it must first be fairly presented to the state courts as a federal constitutional claim. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999). Boyd claims he did ask the appellate court to make a decision under *Barker* (Objections, ECF No. 39, PageID 2772), but he did not do so on his direct appeal, making the issue *res judicata* under Ohio law. *State v. Perry,* 10 Ohio St.

18

2d 175 (1967).

**Objection no. 19: Prosecutorial misconduct took place which can be raised on a Federal Habeas Corpus Motion.**

Allegations of prosecutorial misconduct are indeed cognizable in habeas corpus, but they must first have been fairly presented to the state courts. *O'Sullivan, supra.* Because the prosecutorial conduct of which Boyd complains was evident on the face of the appellate record, he was obliged to raise the claim on direct appeal. He did not. And when he attempted later to raise it in post-conviction, the Seventh District found it barred by *res judicata*. Boyd argues the merits of this claim in his Objections, but he does not deal with the procedural default. This Objection should be overruled on that basis.

**Objection no 20: Petitioner was denied effective assistance of counsel which can be raised on a Federal Habeas Corpus Motion.**

In his twentieth objection, Petitioner lists myriad acts or omissions by his defense counsel which he claims constitute ineffective assistance (Objections, ECF No. 39, PageID 2773-76). Boyd pleaded ineffective assistance of trial counsel as his seventh ground for relief, but raised only two sub-claims: (1) failing to call an expert on bi-polar disorder, (2) failing to call as witnesses Josh Hensley or Royce Craft.

The Report notes this claim is barred by *res judicata* because the Seventh District held it could have been raised on direct appeal. Boyd's Objection argues the merits of his many claims of ineffective assistance of trial counsel, but does not address this procedural default ruling. The Objection should be overruled because it does not address the Report's handling of the ineffective assistance of trial counsel claim and because it raises many other ineffective assistance of trial counsel claims that were not pleaded.

**Objection No 21: Grand Jury Testimony**

In his twenty-first objection, Petitioner complains that he was tried on different evidence from that which was presented to the indicting grand jury.  He asserts, without citation, that "the Fifth Amendment requires a defendant to be put on trial using the same essential facts presented to a grand jury."  (Objections, ECF No. 39, PageID 2776).

The Report noted that whether to release grand jury testimony is an issue committed to the sound discretion of the trial judge.  The Seventh District had held it was not an abuse of discretion to refuse to release the grand jury testimony in this case and the Report noted that abuse of discretion is not a constitutional claim we can consider in habeas (Report, ECF No. 29, PageID 2697).  Boyd's Objections do not address that conclusion at all.  The Magistrate Judge therefore again recommends this Ground for Relief be denied as non-cognizable.

**Objection No. 22: Judge lacked authorization to sign search warrants.**

The Report notes that Respondent raised a valid procedural default defense to this claim because it had not been raised on direct appeal, the Seventh District held it barred by *res judicata* and Petitioner had made no response to that defense (Report, ECF No. 29, PageID 2698).  On the merits, the Report concluded both the Federal Stored Communications Act and California law authorized the Common Pleas judge in this case to issue the warrant. *Id.*

In his Objections Boyd still does not address the procedural default holding.  On the merits he recites his own understanding of the Stored Communications Act and Ohio law without any citation of authority.  As to Ohio law, we are not authorized to review state court rulings on state

law questions. As to the Stored Communications Act, Boyd cites no authority in support of his interpretation.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 27, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.